Mario Hayes appeals from a judgment of the common pleas court imposing a maximum ten-year sentence following his guilty plea to an amended indictment of involuntary manslaughter. On appeal, Hayes urges that the trial court failed to make the statutory findings before imposing a maximum sentence. After careful review, we reject this contention and affirm the judgment of the trial court.
The record reveals that on November 13, 1998, Hayes learned that Damien Watkins had stolen drug money from his friend, Devin Milner. Hayes and Milner then picked up their friends Kraig McCrary and William McKinley and drove to East 71st Street and Union Avenue in Cleveland, Ohio. McKinley and Milner went into a home there and returned thirty minutes later carrying a black garbage bag which they placed in the trunk of the car. Milner then instructed McCrary to drive to a field across the street from Watkins' house on Anderson Avenue. At that time, Milner retrieved a semi-automatic weapon from the black garbage bag in the trunk described by Detective Thomas L. Lucey of the Cleveland Police Department SIU Forensic Lab as possibly an AK, an AKS, an SKS, or a KM47S weapon. Then, Milner began shooting into Watkins' home killing Ethel Watkins, who had been sleeping there at that time. They then returned to McCrary's house and hid the weapon.
On November 15, 1998, the police arrested Hayes for his involvement in this incident and the grand jury indicted him for aggravated murder and four counts of attempted aggravated murder, one for each of the occupants in Milner's home. All counts contained firearm and repeat violent offender specifications. Subsequently, Hayes agreed to cooperate with the state by testifying against Milner, and in exchange, the state amended the aggravated murder count to involuntary manslaughter, deleted the specifications, and nolled the remaining four counts of attempted aggravated murder against him.
On March 30, 1999, at the sentencing hearing, the court referenced the recidivism and seriousness factors listed in R.C.2929.12 stating:
 * * * [T]here were four seriousness factors present * * *. Namely, the showing of no remorse. Demonstrating a pattern of drug and alcohol abuse related to the crime.
 Failure to respond favorably in the past to sanctions imposed for criminal convictions, and of course, your prior adjudication of delinquency. There were four seriousness factors present because of the injury to the victim and the fact that ultimately the relationship with the victim facilitated the offense. This is a reference to the fact that your accomplice and co-conspirator, the person you aided and abetted, Mr. Milner, had some kind of a relationship with the decedent's son, and the son was, of course, the intended victim of the homicide, and that fact that this offense was committed as part of an organized criminal activity.
Additionally at the hearing, the court stated:
* * * I think you're sadly a really dangerous individual.
 A violent, dangerous individual. You didn't even last three months between the time you were released from the juvenile authorities until you are involved in your next manslaughter, and that's why I find under 2929.14(C) that you are an offender who poses the greatest likelihood of committing future crimes.
Thereafter, the court sentenced Hayes to a term of ten years, the maximum sentence for involuntary manslaughter. Hayes now appeals and raises the following assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO EVALUATE THE FACTS, IN PARTICULAR THE SERIOUSNESS OF THE OFFENSE AND THE LIKELIHOOD OF RECIDIVISM, IN IMPOSING THE MAXIMUM SENTENCE.
Hayes urges on appeal that the trial court failed to comply with the requirements of R.C. 2929.12 prior to imposing a maximum sentence. The state, on the other hand, maintains that the court made the necessary findings and complied with both R.C. 2929.12 and R.C. 2929.14(C). The issue here then concerns whether the court made the proper findings to support a maximum term of imprisonment.
Prior to imposing a maximum sentence, the trial court is required to consider the seriousness and recidivism factors enumerated in R.C. 2929.12. Specifically, subsection (B) states the court shall consider relevant factors that indicate the offender's conduct is more serious than conduct normally constituting the offense; including, inter alia, whether the victim suffered serious physical harm, whether the offender's relationship with the victim facilitated the offense, and whether the offender committed the offense for hire or as a part of an organized criminal activity.
In this case, the court concluded that Ethel Watkins suffered serious physical harm, that the relationship with the victim facilitated the offense, and that the offense had been committed as part of an organized criminal activity.
Further, R.C. 2929.14(C) provides in pertinent part:
 * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term * * * only upon * * * offenders who pose the greatest likelihood of committing future crimes * * *.
In accordance with R.C. 2929.12(D), the court should consider the factors which indicate whether an offender is likely to commit future crimes, including whether at the time of committing the offense, the offender was under release from confinement, whether the offender had been previously adjudicated delinquent, whether the offender had been rehabilitated, whether the offender demonstrated a pattern of drug or alcohol abuse related to the offense, and whether the offender has shown genuine remorse for the crime.
In this case, the court commented that Hayes didn't even last three months since his release from confinement; that he had a previous adjudication of delinquency; that he had not been rehabilitated; that he demonstrated a pattern of drug or alcohol abuse; and that he showed no genuine remorse for this offense. The court specifically determined that Hayes posed the greatest likelihood of committing future crimes.
Thus, based on a careful review of the transcript and the court's findings, we conclude the court complied with the provision of R.C. 2929.12 and R.C. 2929.14(C), made appropriate findings concerning the recidivism and seriousness factors involved in this offense, and correctly concluded that Hayes posed the greatest likelihood of committing future crimes. The court's imposition of a maximum sentence in this instance complies with these statutes in all respects. Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., JAMES M. PORTER, J., CONCUR
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE